Judge Logan
delivered the opinion of the court.
This was an action of debt, instituted in the circuit court, upon a note for the payment of $45. To which the defendant filed his pica in abatement to the jurisdiction: of the court. To that plea the plaintiff demurred, and the demurrer having been overruled, and the plea sustained, be lias brought tlie case before this court.
In this case we are presented with the question, whether the act of the legislature giving to justices of the peace exclusive original jurisdiction of all debts not exceeding fifty dollars, is constitutional?
It will be assumed as a correct position, that the LgLla-Jure are vested with all power of a legislative character, 'snot 'nfel’J|cteJ by the constitution,
To regulate the jurisdiction of courts, and to extend or abridge the powers and duties of the members thereof, is peculiarly legislative. Unless, therefore, the exercise of this power, as respects justices of the peace, has, by the constitution, been restricted, it will follow, that the act under *373 consideration comes within the regular powers of the legislative department.
Upon an examination of the constitution, it will be seen, that the only limitation in relation to the regulation of judicial cognizance, is confined to the appellate courts, The judicial povyerof the commonwealth is vested, not only in one supreme court, with appellate jurisdiction only, but also “in such inferior courts as the general assembly may, from time to time, erect and establish;” in county courts, and in justices of the peace, But the apportionment of that power, and its regulation from time to time among those tribunals (with the restriction only against giving original jurisdiction to the court of appeals) is the mere subject of expediency, which belongs exclusively to the sphere of legislation.
An argument against this power of the legislature, has been drawn from the distribution of the powers of the government into three distinct departments, confiding each toa separate'body of magistracy,, and prohibiting those of one department from exercising any power properly belonging to either of the others, except in the instances therein expressly permitted.
Among the exceptions to this allotment of power, are, attornies at law, justices of the peace, and militia officers, who are all made eligible to the legislature. But surely! this exception does not operate as an abridgement of power which before, or independent thereof, properly belonged to the legislative department, if the door of the legislature has, by virtue of this exception, been partially opened to admission from the other departments, it by no means follows that the proper legislative powers of those who have obtained a regular admittance, is thereby diminished.
Should it be asked, what is to be done in the event of a dangerous combination of those powers in the same department ? The answer is, that the correction is in other hands, not in the judiciary. It is sufficient to answer from this department, that justices of the peace are made eligible to the legislature, and that the power of the legislature extends to the regulation of the jurisdiction of courts and magistrates.
Here it might be enquired, whether it is the fair presumption, that when the convention was enlarging the number from which to choose the state representation, and at the same time intending to guard against seducing from the county *374 court some of its most useful members, it intended that their jurisdiction should remain stationary? And had that been intended, is it not probable that some restriction to legislation on the subject would have been provided? The number and dispersed situation of justices of the peace, and the great inconvenience of regular attendance by the Same members in court, and the consequent uncertainty and evils from frequent changes during the same term, may have given assurances against the abuse of power by throwing into that court an excess of business, or from a dangerous combination of legislative and judicial powers in their hands.
If the jurisdiction of justices could not be increased, would it not follow that legislation would be equally interdicted, both with respect to attornies at law, and militia officers? Shall militia fines and the power and duty of courts-martial be also stationary?
But it is contended, that -as justices of the courts of quarter-sessions were made ineligible to the legislature, so long as they received any compensation for their services; that from a parity of reason the spirit of the provision should be applied to justices of the peace.
The argument seems susceptible of two satisfactory answers; first, That this provision of the constitution applies to the qualifications of representatives, and not to the limitation of legislative power. And secondly, That the making of this provision against the members of one court, and not extending it against those of the other, shews that the distinction was intended. Nor can we suppose that this distinction was unintentionally ingrafted by the makers of’ the constitution. The presumption seems the more probable, that it was founded on the different organization of the two courts, from whose respective duties and powers which in time might be expected, greater emoluments an¿ salaries could be sought under specious pretexts for the one than for the other; as well as from a more objectionable concentration of powers, which in the general were intended to be kept separate and distinct. Besides, this provision, though made when justices of the court of quarter-sessions were vested with greater jurisdiction than justices of the peace now are; and yet, those of the quarter-sessjons were made eligible to the legislature, provided they received no compensation for their services as justices. From which it would seem, that it was not so much from the objection to this combination of legislative and judicial pow- *375 ersiti those offices, as from other considerations, which induced that provision.
Bibb for appellant.
We are, upon the whole, of opinion that the act is constitutional; and that the judgment, therefore, of the court below, must be affirmed with cost.